IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON TODD WUEMLING, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-795-Y |
| | § | |
| UNITED STATES OF AMERICA | § | |
| and RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondents. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A.   NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B.   PARTIES

Petitioner Jason Todd Wuemling, TDCJ No. 1727816, is a state prisoner currently incarcerated in Lindsey State Jail facility in Jacksboro, Texas.

The Respondents are the United States of America and Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C.     **PROCEDURAL HISTORY**

The record reflects petitioner was arrested by state law enforcement in July 2009 for possession of methamphetamine in Hamilton County, Texas, and for possession of marihuana in Somervell County, Texas. (Resp't App. at 2)  While awaiting sentencing in state court, petitioner was released to federal custody pursuant to a writ of habeas corpus *ad prosequendum* to answer pending federal charges in the Western District for possession of a firearm by a convicted felon. (*Id.*)  On December 22, 2009, petitioner was sentenced to 24 months' imprisonment and subsequently returned to state custody, with a federal detainer in place. (*Id.* at 2, 11)  The federal criminal judgment was silent as to whether petitioner's 24-month federal sentence was to run concurrently with or consecutively to any state sentence to which he might be subject.  On March 31, 2010, petitioner was sentenced in state court to 10 years' imprisonment in the Hamilton County case and, on April 7, 2010, to 24 months' imprisonment in the Somervell County case. (Pet'r "Statement of Facts," Exs. D, F)

In July 2010 petitioner sent a letter to the Designation and Sentence Computation Center (DSCC) of the Federal Bureau of Prisons (BOP) requesting transfer from state custody to federal custody and concurrent service of his federal and state sentences. (Resp't App. at 19)  On August 16, 2010, the DSCC responded that petitioner was in the primary custody of state authorities when he received both his federal and state sentences and, consequently, he will remain in the custody of state authorities until his 10-year sentence is satisfied. (*Id.* at 18-19)  The DSCC also informed petitioner that, although the Western District did not order the 24-month federal term to operate concurrently with his state sentences, the court would be contacted for its position regarding retroactive concurrent designation. (*Id.* at 19-22)  The sentencing judge responded that it was the

2

court's intention that petitioner's federal sentence run consecutive to his state sentences. (*Id.* at 23)

Given the sentencing court's position, and upon consideration of the relevant factors under 18 §

3621(b), the DSCC notified petitioner on September 13, 2010, that a *nunc pro tunc* designation was

not appropriate in his case. (*Id* at 24-25)

On October 11, 2011, petitioner filed a motion for back time in the Western District, which

that court dismissed for lack of jurisdiction, noting:

> The Court . . . lacks jurisdiction to consider Defendant's request. A motion
> contesting the way in which a sentence is calculated by the Bureau of Prisons is
> properly filed in a motion under 28 U.S.C. § 2241. The Defendant must exhaust all
> remedies with the Bureau of Prisons before filing suit, and suit must be filed with the
> federal district court in the district within which the prisoner is incarcerated. Here,
> the Defendant is currently incarcerated in the John R. Lindsey State Jail in Jacksboro,
> Jack County, Texas. Because the Defendant is still in state custody, the Bureau of
> Prisons has not yet made its sentence calculation, and any objection is premature.
> Assuming that the Defendant's objection is ripe, he can only raise it in a § 2241
> petition filed in the United States District Court for the Northern District of Texas.

(Pet'r "Statement of Facts," Ex. G)

Accordingly, petitioner filed the instant petition in this division, where he is currently serving

his 10-year state sentence. Petitioner seeks credit on his federal sentence from July 30, 2009, the

date he was arrested on the state charges, through the present and removal of the federal detainer.

(Pet. at 7, 9) Respondent argues the petition should be dismissed based on petitioner's failure to

exhaust administrative remedies or, in the alternative, denied on the merits. (Resp't Resp. at 1)

**D.    EXHAUSTION**

Federal prisoners are required to exhaust administrative remedies before filing a petition

under 28 U.S.C. § 2241. *Rourke v. Thompson*, 11 F.3d 47, 49 (5ᵗʰ Cir. 1993); *Fuller v. Rich*, 11 F.3d

61, 62 (5ᵗʰ Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5ᵗʰ Cir. 1990); Bureau Program

Statement 5160.05.  An administrative remedy procedure for federal prisoners is provided at 28

C.F.R. §§ 542.10-542.19.  Under this administrative procedure, if informal resolution fails, the

inmate must pursue a three-level process within the prescribed time intervals.  Typically, the inmate

must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred

to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally

to the Office of General Counsel, via a form commonly referred to as a BP-11.  Administrative

remedies have not been exhausted until the inmate's claim has been filed at all levels and has been

denied at all levels.  *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

It does not appear petitioner has utilized this administrative procedure, however he is not yet

in custody of the BOP, and the BOP will not calculate petitioner's federal sentence until he has

completed his state sentences.  (Resp't App. at 3)  Under these circumstances, it is not clear whether

this administrative procedure is available to petitioner, and the DSCC's notification does not inform

petitioner of the availability of such an administrative remedy.  Thus, petitioner's claim is addressed

on the merits, assuming, without deciding, the claim is ripe for review.

**D.  DISCUSSION**

Generally, the sovereign which first arrests an individual acquires primary jurisdiction for

purposes of trial, sentencing, and incarceration.  *McCarthy v. Warden*, 168 Fed.Appx. 276, 277 (10th

Cir.), *cert. denied*, 548 U.S. 914 (2006); *United States v. Cole,* 416 F.3d 894, 897 (8th Cir. 2005).

The arresting sovereign retains primary jurisdiction unless it relinquishes it by: (1) releasing the

prisoner on bail; (2) dismissing the charges; (3) releasing the prisoner on parole; or (4) the expiration

of the sentence.  *Cole,* 416 F.3d at 897.  A prisoner detained pursuant to a writ of habeas corpus *ad*

*prosequendum* is considered to remain in the primary jurisdiction of the first sovereign unless and

4

until it relinquishes jurisdiction over the person. *United States v. Cibrian*, 374 Fed. Appx. 524, 2010 WL 1141676, at *2 (5th Cir.), *cert. denied*, 131 S. Ct. 195 (2010); *Richardson v. Outlaw*, 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. 2008). The receiving sovereign–in this case, the federal government–is therefore considered to be merely "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002); *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner").

From the time that petitioner was arrested by state law enforcement officers on state charges, he was under the primary custody of Texas. *Causey*, 621 F.2d at 693-94; *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir. 1938). His subsequent transfer pursuant to a writ of habeas corpus *ad prosequendum* to face his federal charge did not place him in the primary custody of federal authorities and was only "a loan" to the federal jurisdiction. *Causey*, 621 F.2d at 693. Whether petitioner had been convicted or sentenced by the state at the time of the transfer is immaterial. *Id.*

Further, 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). Thus, a petitioner is not entitled to credit on his federal sentence if the time at issue was credited to his state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003).

Petitioner has not yet been received at a federal prison to commence his federal sentence, which will not occur until Texas releases him to the United States Marshal. 18 U.S.C. § 3585(a). He is not entitled to the credit that he seeks because the period of time at issue is being fully credited against his 10-year state sentence. *Richardson*, 2008 WL 1747085, at *1.

Moreover, 18 U.S.C. § 3584(a), provides:

(a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

The federal judgment in petitioner's case was silent on whether to run his federal sentence concurrently or consecutively to his anticipated state sentence(s), invoking a strong presumption that the sentences imposed separately should run consecutively. 18 U.S.C. § 3584(a); *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir. 2011). Nonetheless, the federal sentencing court was contacted by DSCC

for a statement concerning its position on a retroactive designation.  In responding, the federal

sentencing court indicated consecutive service was, and continues to be, the intent of the court in

petitioner's case.  Under these circumstances, the DSCC's decision is consistent with well-settled

federal law regarding consecutive sentences.  18 U.S.C. § 3584(a); *Adams v. Morrison*, 84 Fed.

Appx. 419, 2003 WL 23021845, at *1, 420 (5th Cir. 2003); *United States v. Gay*, No. 3:03-CV-2815-

G, 2004 WL 246247, at *1-2 (N.D. Tex. 2004).

Finally, petitioner has not shown that consecutive sentences violate the United States

Constitution or federal law for purposes of habeas relief under § 2241.  The constitution affords no

right to have state and federal sentences run concurrently.  *See United States v. Candia*, 454 F.3d

468, 476 (5th Cir. 2006).  Similarly, there is no federal statute that provides a prisoner a right to

concurrent sentences.  *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983).  In the absence

of a violation of the United States Constitution or federal law, the fact that the DSCC considers

petitioner's federal sentence to run consecutive to the state sentence entitles him to no habeas relief

under § 2241.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 28, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 28, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March ___7th___, 2012.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE